# NO. 12-07-00233-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY RAY GOWIN,*<br>*APPELLANT* | § | *APPEAL FROM THE EIGHTH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *RAINS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Larry Ray Gowin appeals his conviction for driving while intoxicated, for which he was sentenced to imprisonment for fifteen years. In two issues, Appellant challenges the admissibility of testimony proffered by one of the State's expert witnesses. We affirm.

### BACKGROUND

On the evening of October 11, 2005, Appellant was notified that his house was on fire. As Appellant drove slowly toward his home, he was followed closely by a fire truck. The fire truck had activated its lights and siren in an apparent attempt to signal to Appellant to allow it to pass. As Appellant approached his house, he stopped his vehicle in the middle of the roadway. But in response to the prompting of police officers on the scene, Appellant moved his vehicle into a nearby driveway, nearly striking a parked car as he did so. Ultimately, the fire truck was able to pass Appellant and reach his burning house.

Emory Police Chief Bruce Feagin observed that Appellant struggled to walk as he exited his car. Feagin further noted that Appellant's speech was so slurred that it was difficult to understand

him.  Officer Tracy Rosson smelled the odor of alcohol on Appellant and in the car.  Rosson further observed that Appellant seemed dazed and confused and that his eyes were bloodshot.  Concluding that Appellant was, as a result of his intoxication, a danger to himself, the firefighters, and everyone else present, Feagin instructed officers to arrest Appellant.

Rosson transported Appellant to jail.  At the jail, Rains County Sheriff's Deputy John Wallace performed a full sobriety test on Appellant, which included a horizontal gaze nystagmus ("HGN") test.

Appellant was charged by indictment with felony driving while intoxicated and pleaded "not guilty."  The matter proceeded to a jury trial.  Ultimately, the jury found Appellant "guilty" as charged.  Following a trial on punishment, the jury assessed Appellant's punishment at imprisonment for fifteen years.  The trial court sentenced Appellant accordingly, and this appeal followed.

## HGN Test Screening

In his first issue, Appellant argues that the trial court erred in admitting into evidence the results of the HGN test because Wallace failed to sufficiently screen him for factors other than alcohol that could potentially contribute to or cause nystagmus.  The State contends that Appellant has failed to preserve error.

As a prerequisite to presenting a complaint for appellate review, the record must reflect that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint.  *See* TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103 (error may not be predicated upon a ruling that admits evidence unless a timely objection or motion to strike appears of record, stating the specific ground of the objection, if the specific ground was not apparent from the context).  Rules 33.1 and 103 are "judge protecting" rules of error preservation.  *See* **Martinez v. State**, 91 S.W.3d 331, 335 (Tex. Crim. App. 2002).  The basic principle of both rules is that of "party responsibility."  *Id.*  Thus, the party complaining on appeal about a trial court's admission of evidence must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the rule in question and its precise and proper application to the evidence in question.  *Id.* at 335–36.  Moreover, the objection at trial must comport with the

2

issue on appeal. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *see also Martinez*, 91 S.W.3d at 336.

Two general policies underlie the requirement that a complaining party make a specific objection. *Martinez*, 91 S.W.3d at 336. First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it. *Id.* Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony. *Id.* Stated more broadly, objections promote the prevention and correction of errors. *Id.* When valid objections are timely made and sustained, the parties may have a lawful trial. *Id.* They, and the judicial system, are not burdened by appeal and retrial. *Id.* When a party is excused from the requirement of objection, the results are the opposite. *Id.*

In the case at hand, Appellant objected to Wallace's proposed testimony concerning his administration of the HGN test because (1) the test was not administered properly and (2) "[Appellant's] got a bad eye, and there's no explanation for it." On appeal, Appellant argues that Wallace's "screening" of Appellant to determine factors other than alcohol that potentially contribute to or cause nystagmus was limited to Wallace's actually performing the test by looking for equal pupil size and equal tracking. Thus, according to Appellant, Wallace's employment of the HGN test is not reliable.[1] Appellant further argues that the testimony was not only unhelpful to the jury, but was also misleading and unfairly prejudicial.[2]

Based on our review of the record, we are unable to conclude that Appellant's objections were sufficient to bring the rule in question as well as its precise and proper application to the evidence in question. *See Martinez*, 91 S.W.3d at 335. Appellant's first objection refers broadly to Wallace's administration of the HGN test. Appellant's objection that there was "no explanation" for his "bad eye" relates only loosely at best to his argument on appeal that there is no evidence that Wallace properly screened Appellant prior to conducting the HGN test. As such, we hold that Appellant's objection to the trial court was not specific enough to inform the trial court of the basis of the argument he now raises on appeal so as to afford the trial court the opportunity to rule on it.

---

[1] *See Vela v. State*, 209 S.W.3d 128, 133–34 (Tex. Crim. App. 2006) (discussing reliability of expert testimony); *see also* TEX. R. EVID. 705(c).

[2] *See* TEX. R. EVID. 402, 403, 702.

*See* TEX. R. APP. P. 33.1(a); *Martinez*, 91 S.W.3d at 336.  Thus, we hold that Appellant has waived the error, if any, of which he now complains.  Appellant's first issue is overruled.

### QUANTIFYING HGN RESULTS IN TERMS OF BLOOD-ALCOHOL LEVEL

In his second issue, Appellant argues that the trial court erred in refusing to exclude Wallace's testimony that a failed performance on the HGN test would indicate a blood-alcohol level of 0.08 or higher.  The State again contends that Appellant has failed to preserve error.

In addition to the requirement that the complaining party make a specific objection to the trial court that comports with his argument on appeal, the record  must reflect that the trial court ruled on the complaining party's request, objection, or motion, either expressly or implicitly, or refused to rule and the complaining party objected to such refusal.  *See* TEX. R. APP. P. 33.1(a).

Here, during his description of how he typically conducts an HGN test, Wallace testified, "When I take the stimulus with my finger over as far as your eye will go, the eye will start ticking, and it shows the subject is over .08, because at that – at that time, I'm. . . ."  Appellant interjected a general objection[3] and asked permission from the trial court to conduct a voir dire examination of Wallace.  The trial court granted Appellant's request.  Upon the conclusion of Appellant's voir dire examination,  Appellant stated to the court that he had no further questions on voir dire, and the State resumed its direct examination.

Appellant's objection was incomplete and lacked specificity.  Furthermore, Appellant's request for voir dire was granted.  Appellant neither made a subsequent, more specific objection to Wallace's statement regarding the correlation between HGN test results and blood alcohol level nor did he request a ruling from the trial court with regard to the incomplete objection he initially lodged.[4]  Therefore, we hold that Appellant has failed to preserve the error, if any, of which he now complains.  Appellant's second issue is overruled.

---

[3] The record reflects that Appellant did not complete the specific description of his objection before requesting to conduct his voir dire examination of Wallace.  From the face of the record, the most that can be understood of Appellant's objection is that it pertained to the HGN test.

[4] Given the lack of requisite specificity present in Appellant's objection, the trial court's ability to rule on such an objection presupposes that the substance of Appellant's objection could be understood in light of the context of his voir dire examination of Wallace.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.


   SAM GRIFFITH   
Justice

Opinion delivered September 17, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)